WRIT GRANTED:
A.W., a juvenile, is charged with aggravated oral sexual battery of a four year old child. The State agreed to allow only the juvenile defendant and his attorney to view a videotaped interview of the juvenile victim. The juvenile defendant filed a motion objecting to this limitation, contending that his parents were “parties” under La.Ch.Code art. 327 and should be allowed to view the videotape. Relying on that codal provision and State in Interest of Dino, 359 So.2d 586 (La.), cert. den., 439 U.S. 1047, 99 S.Ct. 722, 58 L.Ed.2d 706 (1978) and its progeny, the court issued an oral judgment on July 2, 1997, ruling that the juvenile defendant’s parents must be allowed to view the videotaped interview of the juvenile victim as a prerequisite to its being admissible. On July 15, 1997, the State filed a notice of intent to seek a writ of review on the judgment and requested a return date. When the juvenile defendant objected to the notice, contending the application for writ of review was untime *249 ly, the State filed a motion to stay or continue the trial of the matter pending appellate review.
On July 16, 1997, the court conducted a hearing on the timeliness of the application and request for a stay. In its written reasons dated July 17, 1997, the juvenile court reaffirmed its prior ruling on the merits and requested this Court to consider three issues: whether the state’s request to file an application for a writ of review was timely; whether the trial should be further continued should the state file another motion for a continuance; as well as the trial court’s rulings on the merits of the motion. The court continued the trial until August 20,1997.
Rln response to the trial court’s request for clarification, we find the instant application was requested and taken in a timely fashion under La.Children’s Code art. 338 and Uniform Rules — Courts of Appeal, Rule 4-3, and that should the State seek an additional continuation of the matter, the court may use its discretion in determining whether the state has established good cause for an extension. See State in Interest of R.D.C., Jr., 93-1865 (La. 2/28/94); 632 So.2d 745, 748-749. The judgments dated July 2, 1997, and July 17,1997, in which the court ordered the state to allow the juvenile defendant’s parents to view the juvenile victim’s videotaped interview prior to the hearing hereby are reversed. Without deciding whether they apply to discovery matters, any protections afforded by Dino are satisfied by defense counsel’s presence and representation of the juvenile defendant’s interests.